**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TREINA MCCOO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:24-CV-00714 SPM |
| | ) |
| BJC HEALTH SYSTEM, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented plaintiff Treina McCoo's amended complaint in this employment discrimination action. [ ECF No. 5]. After reviewing the record in this matter, the Court will provide plaintiff **one additional opportunity** to amend her complaint and comply with this Court's Order. Plaintiff's failure to comply will result in a dismissal of this action, without prejudice.

**Background**

Plaintiff Treina McCoo filed this pro se employment discrimination action on May 21, 2024. [ECF No. 1]. In her initial complaint she brought claims pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.* and Title 42 U.S.C. § 1981 (§ 1981 action) against defendants BJC Health System (d/b/a BJC Health Care), as well as four individual supervisors at BJC: Sophia Easterling; Cassandra Wallace; Carolyn Standiford; and Alexandrea Elmore. [ECF No. 1].

On May 24, 2024, the Court granted plaintiff's motion to proceed in forma pauperis and reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and

for failure to state a claim. [ECF No. 4]. In the Opinion, Memorandum and Order reviewing the complaint, the Court noted several pleading deficiencies with plaintiff's initial complaint and as a result, plaintiff was ordered to file an amended complaint on a Court-form within twenty-one (21) days. *Id*. In the Opinion, Memorandum and Order, plaintiff was also ordered to provide the Court with copies of her Charge of Discrimination from the Equal Employment Opportunity Commission (EEOC), as well as a copy of her Notice of Right to Sue. Although plaintiff provided the Court with a copy of her Notice of Right to Sue on June 13, 2024, she failed to provide a copy of her Charge of Discrimination.

**Plaintiff's Failure to Comply with this Court's May 24, 2024 Order**

In the Opinion, Memorandum and Order issued on May 24, 2024, this Court went into detail as to the deficiencies in plaintiff's initial complaint. *See* ECF No. 4. The Court's Order was fourteen (14) pages in length, and it was specific as to plaintiff's pleading shortfalls. Despite the Court's detailed Order, plaintiff provided an amended complaint to the Court on June 13, 2024, that **was a photocopy of her initial complaint**, merely appended to a Court-provided form. [ECF No. 5]. **Further, despite being required to provide a copy of her Charge of Discrimination from the EEOC, plaintiff failed to append the document to her amended complaint. Plaintiff's photocopied filing of her initial complaint does not comply with this Court's May 24, 2024 Opinion, Memorandum and Order.**

In the May 24, 2024 Opinion, Memorandum and Order, plaintiff was told that she would need to specify exactly which of her facts related to each of her discrimination claims under Title VII, the ADEA and 42 U.S.C. § 1981 for wrongful discharge, discrimination in the terms and conditions of her employment, retaliation, harassment, "other conduct," etc. Moreover, she needed to properly separate her claims for relief under Title VII, the ADEA, 42 U.S.C. § 1981 for race,

color, age or "other" discrimination into discernible claims so that a defendant or defendants could properly respond to such claims. Plaintiff failed to do so.

Plaintiff was additionally told in the May 24, 2024 Opinion, Memorandum and Order that she could not bring claims against individual defendants under Title VII and the ADEA, and as such she needed to be succinct in how she structured her claims for relief in her amended complaint to ensure that defendants were aware of the statutes under which they were being sued.

Moreover, the Court took great pains to point out how to properly structure claims for race and age discrimination claims under Title VII and the ADEA, but plaintiff failed to properly change her pleading to adjust her claims for relief. Furthermore, plaintiff was instructed that she could not bring defamation claims relating to her employment, nor could she bring intentional infliction of emotional distress claims unless she had a physical injury. Nonetheless, plaintiff left these claims in her amended pleading, as they were copied from her initial pleading.

Given the aforementioned issues, the Court will require plaintiff to amend her pleading on a Court Employment Discrimination Complaint form. Plaintiff will not be allowed to amend her pleading again unless she shows good cause for doing so.

In completing the amended complaint, plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996). Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race, disability, etc. As noted above, if she believes she was discriminated against based on her race or other protected status, she must note her race on the face of her amended complaint.

The Court will direct the Clerk of Court to provide plaintiff with an Employment Discrimination Complaint form, and plaintiff will have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail plaintiff a Court-provided form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, within **twenty-one (21) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. **Plaintiff shall attach to her amended complaint a copy of her EEOC Notice of Right to Sue and Charge of Discrimination from either the EEOC or MCHR.**

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file her amended complaint, in compliance with this Court's Order, this case will be dismissed, without prejudice.

Dated this 28th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE